# In re JETBLUE AIRWAYS CORP. PRIVACY LITIGATION

### No. 1587.

Judicial Panel on Multidistrict Litigation.

Feb. 24, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the nine actions listed on the attached Schedule A and pending in two districts as follows: eight actions in the Eastern District of New York and one action in the Central District of California.[1] Now before the Panel is an unopposed motion, brought pursuant to 28 U.S.C. § 1407, by JetBlue Airways Corp. (JetBlue), a defendant in all actions. JetBlue seeks centralization of the nine actions in the Eastern District of New York. Responses in support of the motion have been filed by i) Torch Concepts, Inc. (Torch), a defendant in four of the Eastern District of New York actions, and ii) the plaintiffs in the eight Eastern District of New York MDL–1587 constituent actions and in two Eastern District of New York potential tag-along actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action is a putative class action brought on behalf of persons allegedly injured by JetBlue's unauthorized disclosure to Torch of personally identifiable travel information. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of New York is an appropriate transferee forum for this docket. We note that i) the New York district is likely to be the location of significant discovery because sole common defendant JetBlue is headquartered there; ii) almost all of the MDL–1587 actions are already pending there; and iii) all responding parties support selection of the New York district as transferee forum.

1. The Panel has been notified of five additional related actions recently filed in the Eastern District of New York (four actions) and the Southern District of Florida (one action). In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending outside the Eastern District of New York is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Carol Bagley Amon for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1587—In re JetBlue Airways Corp. Privacy Litigation*

*Central District of California*

*D. Turrett, et al. v. JetBlue Airways Corp.,* C.A. No. 2:03–6785

*Eastern District of New York*

*Susan Florence v. JetBlue Airways Corp., et al,* C.A. No. 1:03–4847

*Elliot B. Richman v. JetBlue Airways Corp., et al.,* C.A. No. 1:03–4859

*Maurice Hakim v. JetBlue Airways Corp., et al.,* C.A. No. 1:03–4895

*Deborah Seidband v. JetBlue Airways Corp.,* C.A. No. 1:03–4933

*David Block v. JetBlue Airways Corp.,* C.A. No. 1:03–4963

*Nicholas R. Singleton v. JetBlue Airways Corp.,* C.A. No. 1:03–5011

*Wesley B. Fleet v. JetBlue Airways Corp.,* C.A. No. 1:03–5017

*Kathryn Mortenson v. JetBlue Airways Corp., et al.,* C.A. No. 1:03–5209