**In re AMERICAN AIRLINES, INC., PRIVACY LITIGATION**

**No. 1627.**

Judicial Panel on Multidistrict Litigation.

Oct. 26, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of three actions listed on the attached Schedule A as follows: two actions in the Northern District of Texas and one action in the Eastern District of New York.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, to centralize these actions for coordinated or consolidated pretrial proceedings. Plaintiff in the New York action seeks centralization in the Eastern District of New York. The Texas plaintiffs

join in this motion. Defendant Lockheed Martin Corp. (Lockheed) seeks centralization in the Northern District of Texas and all responding defendants—American Airlines, Inc. (American) and AMR Corp. (AMR); Airline Automation, Inc. (AAI); Fair Isaac Corp. (Fair Isaac); and Infoglide Software Corp. (Infoglide)—support this motion.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action is a putative nationwide class action brought on behalf of persons allegedly injured by American's authorization to AAI to disclose personally identifiable travel information of American's passengers to the Transportation Security Administration, and AAI's subsequent disclosure of this information to four private research companies: Lockheed, Fair Isaac, Infoglide and Ascent Technology, Inc. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ Plaintiffs urge us to select the Eastern District of New York as the transferee district for this litigation, because a similar litigation involving JetBlue Airways Corp. (JetBlue) is pending there. *In re Jetblue Airways Corp. Privacy Litigation,* 305 F.Supp.2d 1362 (Jud.Pan. Mult.Lit.2004). While the subject matter

---

1. The Panel has been notified that one potentially related action has recently been filed in the Eastern District of New York. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

in the JetBlue litigation is similar to the actions now before the Panel, the JetBlue and American actions involve different defendants, underlying alleged facts, data transfers, witnesses, documents, and purported nationwide classes.

The Panel is persuaded that the Northern District of Texas is an appropriate transferee forum for this docket. We note that i) the Texas district is likely to be the location of significant discovery because AMR and American's headquarters are located within this district; ii) this district is more conveniently located for most parties and witnesses than the Eastern District of New York; and iii) the Texas district has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Eastern District of New York is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Sidney A. Fitzwater for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

*MDL–1627—In re American Airlines, Inc., Privacy Litigation*

*Eastern District of New York*
*Michael Rosenberg v. AMR Corp., et al.,* C.A. No. 1:04–2008

*Northern District of Texas*
*Bruce Kimmell v. AMR Corp., et al.,* C.A. No. 3:04–750
*Erica Baldwin v. AMR Corp., et al.,* C.A. No. 3:04–1148